**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
VINCENT P. GISMUNDI, et al.,         :
                                       :
                Plaintiffs,     :               23-CV-6145 (OTW)
                                       :
                -against-      :            **ORDER**
                                       :
CITY OF NEW YORK,              :
                                       :
                Defendant.    :
                                       :
                                       :
---------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      On July 17, 2023, Plaintiffs, 416 current and former employees of Defendant City of New York ("Defendant") in the Department of Transportation ("NYCDOT"),[1] filed this case alleging violations of the Fair Labor Standards Act ("FLSA").  (ECF 1).  Judge Cronan initially referred this case to me for general pretrial management (ECF 10), and, on December 16, 2024, the parties consented to my jurisdiction (ECF 73).

      The parties appear to have reached a settlement in principle.  (ECF 70).  On December 13, 2024, the parties filed their signed written settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and *Fisher v. SD Prot. Inc.*, 948 F.3d 5593 (2d Cir. 2020).  (*See* ECF 70).  Plaintiffs[2] were informed of the settlement terms and provided with an

---

[1] Plaintiffs were employed or are currently employed as Highway Repairers or Assistant City Highway Repairers.

[2] Plaintiffs' consents to become parties under the FLSA are filed on the docket at ECF Nos. 11–17, 27–29, 31, 50, 51, 55, and 58.  The FLSA requires that any person choosing to be part of the collective (1) must consent in writing and (2) file their consent on the docket.  29 U.S.C. § 216(b).  *See also Villar v. AHRC Home Care Servs., Inc.*, No. 18-CV-9174 (OTW), 2020 WL 4904031, at *3 (S.D.N.Y. Aug. 20, 2020).

opportunity to review the agreement.[3]  Plaintiff's counsel reports that: Plaintiffs have reacted

positively to the settlement; that there are no unresolved disputes regarding the settlement

allocation; and that there are no objections.  (ECF 70-3 at ¶ 6).

The Court will hold an in-person *Cheeks* hearing in this case on **Thursday, January 23,**

**2025, at 10:00 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007.

**If any Plaintiff wishes to object to the settlement, they shall:**

- **file their written objection on the docket by Wednesday, January 22, 2025; and**

- **appear at the in-person conference on January 23, 2025**.

**Plaintiffs who do not object to the settlement do not need to attend the conference.**

Plaintiffs' counsel are directed to inform Plaintiffs of the date of the hearing, and the

deadline and method for filing an objection.

**SO ORDERED.**

                                                                                                    *s/ Ona T. Wang*
Dated: January 8, 2025                                                          **Ona T. Wang**
       New York, New York                                   United States Magistrate Judge

---

[3] *See* ECF 70-3 ¶ 9, Declaration of Gregory K. McGillivary ("All 416 plaintiffs have been notified of the terms of the Settlement Agreement, including the total amount of backpay and liquidated damages to be paid, the amount of service awards to be paid, the methodology for assigning points based on the number of workweeks in the recovery period that a Plaintiff was assigned to work in the title of Assistant City Highway Repairer ("ACHR") and/or Highway Repairer ("HR"), and the amount of attorneys' fees and costs to be paid.  The Plaintiffs were also notified of the dollar value of a point and the individual amounts they will be receiving under the Settlement Agreement.").